## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**


**v.**                                 **Case No. 2:10-cv-83-DPM**


**RAYMOND GILMORE;**
**LEEANER GILMORE (also known as**
**Leaner Gilmore); and STATE OF ARKANSAS,**
**acting through the Department of Finance**
**and Administration, Timothy Leathers,**
**Commissioner of Revenues**                               **DEFENDANTS**

## JUDGMENT

The United States of America has applied for a default judgment *in rem*
foreclosing the right, title, and interest Separate Defendants Raymond
Gilmore and Leeaner Gilmore, and their spouses, if any, may have or claim
in and to real property in Lee County, Arkansas (as described below) together
with affidavits that the Gilmores are neither infants, incompetent persons, nor
serving in the United States military.   The Gilmores, after having been
properly served, have not answered, appeared, or otherwise defended against
the United States's complaint. They are therefore in default.  The remaining
Defendant is the State of Arkansas, through the Director of Finance &

Administration, and it consents to this foreclosure judgment *in rem*.

    1.    The Court has jurisdiction over the parties and real property in this case.

    2.    Raymond Gilmore and Leeaner Gilmore are in default on the payments due on their promissory notes and are indebted to the United States of America, U.S. Department of Agriculture, Farm Service Agency, in the principle sum of $339,096.76, plus accrued interest through September 15, 2009 in the amount of $223,585.47. The total sum of the judgment is $562,682.23, with interest accruing thereafter at $45.829 per day to the date of the entry of this Judgment and thereafter at the statutory rate pursuant to 28 U.S.C. § 1961, plus any additional advances and recoverable charges made while this case was pending for maintenance of the property, and the costs of this action. The United States of America, U.S. Department of Agriculture (U.S.D.A.), Farm Service Agency (F.S.A.), is hereby awarded judgment *in rem* against the real property in Lee County, Arkansas described below for the amounts discussed above. Because no personal judgment against Raymond Gilmore or Leeaner Gilmore has been requested, none is rendered.

3.     The indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Farm Service Agency, is secured by mortgages recorded in the records of the Circuit Clerk and Recorder for Lee County, Arkansas, as follows:

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| April 9, 1976 | April 9, 1976 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder for Lee County, Arkansas in Book 266, at Page 178. |
| March 25, 1980 | March 25, 1980 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder for Lee County, Arkansas in Book 283, at Page 61. |
| May 30, 1980 | May 30, 1980 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 283, at Page 617. |
| September 15, 1980 | September 15, 1980 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 284, at Page 623. |
| March 4, 1981* *Correction of September 15, 1980 Mortgage. | March 16, 1981 | Filed in the real estate records in the Office of the Circuit Clerk  for Lee County, Arkansas in Book 287, at Page 207. |

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| March 19, 1981 | March 19, 1981 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 287, at Page 233. |
| February 26, 1982 | February 26, 1982 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 291, at Page 229. |
| March 7, 1983 | March 7, 1983 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 295, at Page 776. |
| February 3, 1984 | February 3, 1984 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 299, at Page 290. |
| March 21, 1985 | March 21, 1985 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 303, at Page 71. |
| June 12, 1986 | June 12, 1986 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 306, at Page 698. |

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| May 22, 1987<br><br>May 22, 1987*<br>*Correction of May 22, 1987 Mortgage. | May 22, 1987<br><br>September 2, 1987 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 309, at Page 758.<br><br>Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 310, at Page 719. |
| March 15, 1994<br><br>July 14, 1994*<br>*Correction of March 15, 1994 Mortgage, correcting principal amount of Note on Loan No. 46-05. | March 15, 1994<br><br>July 14, 1994 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 331, at Page 632.<br><br>Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 333, at Page 31. |
| June 1, 1995 | June 1, 1995 | Filed in the real estate records in the Office of the Circuit Clerk for Lee County, Arkansas in Book 336, at Page 344. |

4.     The described mortgages held by the United States constitute collectively a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy, and homestead of all the parties, and each of them, and all persons claiming

5

by or through them, in and to the following real property in Lee County,

Arkansas, together with all improvements and appurtenances thereon:

> Tract II: Part of the Subdivision of the West Half (W ½) of Section Thirty (30), Township Two (2) North, Range Three (3) East of the Fifth Principal Meridian, Lee County, Arkansas, according to a plat thereof recorded in Plat Book 1, at Page 155 and being a part of Block Five (5) of said Plat, more particularly described as follows:  Beginning at an iron pipe stake in the East line of said Block 5, 272 feet North of the Southeast corner thereof, thence West parallel with the South line of Block 5, being also the South line of said Section 30, 480 feet to an iron pipe stake; thence South, parallel with said East line 272 feet to the said South line of Section 30; thence West, along said South line, 1047.24 feet to the Southwest corner of said Block 5; thence North, along the West line of Block 5, 1345.98 feet to a stake; thence East, parallel with the said South line of Section 30, 1497.54 feet to the East line of said Block 5; thence South, along said East line, 1073.98 feet to the point of beginning, containing forty-three and 62/100 (43.62) acres, more or less.

> SUBJECT to right-of-way to Arkansas-Louisiana Gas Company filed for record August 6, 1965, in Book 216, page 459 of the records of Lee County, Arkansas.

> SUBJECT to right-of-way to Texas Gas Transmission, LLC filed for record October 11, 2007 and recorded in Book 2007 at page 3248 of the records of Lee County, Arkansas.

> Tract III: Part of the South Half (S ½) of the Fractional North Half (Frl. N ½) of Section Six (6), Township Two (2) North, Range Three (3) East of the Fifth Principal Meridian, Lee County, Arkansas, more particularly described as follows:  Beginning at the Northwest corner of a parcel awarded to Bird Young by Chancery Court action as recorded in Chancery Book F, Page 602,

said point being also the Southwest corner of a tract awarded to Millie and Walter R. Smith in the same action; thence East 20.21 chains to a point on the West line of Private Survey No. 490; thence South 30 degrees East, along said West line of Private Survey, 3.7 chains to an iron pipe stake; thence West 21.17 chains the West line of the Bird Young tract; thence North 3.2 chains to the point of beginning, containing six and sixty-three one hundredths (6.63) acres, more or less.

Tract IV: Part of the South Half (S ½) of the Fractional North Half (Frl. N ½) of Section Six (6), Township Two (2) North, Range Three (3) East of the Fifth Principal Meridian, Lee County, Arkansas, more particularly described as follows: Beginning at an iron pipe stake in the West line of a parcel of land awarded to Bird Young by Chancery Court action as recorded in Chancery Book F, Page 602, 3.2 chains South of the Northwest corner thereof, thence East 21.17 chains to an iron pipe stake in the West line of Private Survey No. 490; thence South 30 degrees East, along said West line of Private Survey, 3.5 chains to an iron pipe stake; thence West 22.08 chains to an iron pipe stake in the West line of the said Bird Young tract; thence North 3.07 chains to the point of beginning, containing six and sixty-three one hundredths (6.63) acres, more or less.

Tract V: Part of the South Half (S ½) of the Fractional North Half (Frl. N ½) of Section Six (6), Township Two (2) North, Range Three (3) East of the Fifth Principal Meridian, more particularly described as follows: Commencing at an iron pipe stake at the Southeast corner of a tract of land conveyed by R. D. Griffis and S. H. Hewitt to Abe Marsh by deed of record in Book 15, page 467, being a point of the half section line between the North Half (N ½) and the South Half (S ½) of said Section 6, Township Two (2) North, Range Three (3) East, 29.80 chains East of the West line of said Section 6; thence North, along the East line of said Marsh tract, 9.79 chains to the true POINT OF BEGINNING of the tract herein conveyed; thence North 7.21 chains to a point on the South

line of a tract conveyed to Green Hill by deed in Book 6, page 761; thence East, parallel to the South line of said Section 6, 14.24 chains to the West line of the John Carnes Private Survey No. 490, thence South 30 degrees East, along the said West line of Private Survey No. 490, 8.32 chains to the Northeast corner of a tract of land conveyed to Bird Young by Chancery Court Decree recorded in Book F, Page 601, and by deed of record in Book 117, Page 265; thence West along the North line of the Young Tract, 18.40 chains to the point of beginning, containing 11.76 acres, more or less, being the property which was, and has been, actually occupied by Walker Smith and Millie Smith, their heirs and assigns, under a Decree by the Chancery Court of Lee County, Arkansas, in Chancery Record F at page 601, and all instruments of conveyances containing the description of the tract allotted to Walker Smith and Millie Smith by said Chancery Court Decree filed of record since November 16, 1920.

Tract VI: The Fractional North Half (Fl. N ½) of the North Half (N ½) of the Northwest Quarter (NW ¼) of Section Thirty-one (31), Township Two (2) North, Range Three (3) East, excepting ten (10) acres on the West side of said tract heretofore conveyed to Ben King by deed dated February 25, 1918, and recorded in Book 85, page 419 of the Official Records of Lee County, Arkansas, the land hereby described comprises 28.76 acres, more or less.

SUBJECT to a right-of-way to Arkansas-Louisiana Gas Company for easement purposes dated July 28, 1965, filed for record August 6, 1965, recorded in Book 216, Page 461 of the records of Lee County, Arkansas.

SUBJECT to right-of-way to Texas Gas Transmission, LLC filed for record October 11, 2007 and recorded in Book 2007 at page 3248 of the records of Lee County, Arkansas.

Tract VII: The Northwest Quarter (NW ½) of the Northwest Quarter (NW ¼) of Section Thirty-two (32), Township Two (2)

North, Range Three (3) East, containing 40 acres, more or less.

SUBJECT to an oil and gas lease executed to the Gulf Oil Corporation filed for record April 9, 1960, recorded in Book 192, Page 21 of the records of Lee County, Arkansas.

Tract VIII: The South Half (S ½) of the South Half (S ½) of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) AND the South Half (S ½) of the South Half (S ½) of the West Half (W ½) of the Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼) of Section Twenty-five (25), Township Two (2) North, Range Two (2) East, containing 15 acres.

Tract IX: The North Half (N ½) of the South Half (S ½) of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) of Section Twenty-five (25), Township Two (2) North, Range Two (2) East, containing 10 acres.

Tract XI: The Northeast Quarter (NE ¼) of the Northwest Quarter (NW ¼) of Section Thirty-two (32), Township Two (2) North, Range Three (3) East.

Tract XIII: The South Half (S ½) of the North Half (N ½) of the North Half (N ½) of the Northeast Quarter (NE ¼) of Section Thirty (30), Township Two (2) North, Range Three (3) East.

Tract XIV: The undivided interest of Raymond Gilmore in the following described property: The Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼) of Section Eight (8), Township Three (3) North, Range Four (4) East, containing forty (40) acres, more or less.

5.     The described property is subject to Notices of Federal Tax Liens

held by the United States of America, Department of the Treasury, Internal

Revenue Service, filed in the records of the Circuit Clerk and Recorder of Lee

County, Arkansas as follows:

> Notice of Federal Tax Lien against Raymond Gilmore in the
> amount of $6,063.05 recorded on September 4, 2003 in Volume E
> at Page 657 and Notice Of Federal Tax Lien against Raymond and
> Leeaner Gilmore in the amount of $112,186.26 recorded on July
> 22, 2005 as Doc. 2005-0171.  Said federal tax liens are subsequent
> and subordinate to the mortgages held by the United States of
> America, U.S.D.A., F.S.A., and are hereby foreclosed.

6.     The State of Arkansas, acting through the Department of Finance

& Administration, Timothy Leathers, Commissioner of Revenues, has a lien

on the described property by virtue of a Certificate of Indebtedness against

Raymond Gilmore in the amount of $28,763.23 that was filed in the records

of the Circuit Clerk and Recorder of Lee County, Arkansas pursuant to Ark.

Code Ann. § 26-18-701 on October 5, 2007, in Judgment Book 2007 at Page 242.

The Certificate of Indebtedness is subsequent and subordinate to the

mortgages held by the United States of America, U.S.D.A., F.S.A., and is

hereby foreclosed.

7.     If the described indebtedness due and owing to the United States

of America, U.S.D.A., F.S.A., is not paid within ten days from the date of this

Judgment, the United States Marshal is directed to sell the described property

10

at public auction to the highest bidder for cash, or on a credit of 30 days, at the South front door of the Lee County Courthouse, Marianna, AR. The date and time of the sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price will be secured by one of the following methods at the purchaser's option: furnish a corporate surety bond; furnish a letter of credit from a financial institution; or post a ten percent cash-down payment. The corporate surety bond and letter of credit shall be for the purchase price, plus interest at the rate of six percent per annum from date of sale, and shall be subject to the U.S. Marshal's approval. The ten percent cash-down payment shall be forfeited if the property is not paid for within 30 days, in which event the Marshal shall resell the property. In the event of cash-down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of six percent per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase price. The property shall be sold subject to any unpaid property taxes. If the United States shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to the United States of America, U.S.D.A., F.S.A., as of the date of sale, the United States may credit its bid against the amount of the

11

retained by the U.S. Marshal subject to further orders of the Court, and subject

to the above-described Notices of Federal Tax Lien and Certificate of

Indebtedness.

     11.    The Court retains jurisdiction over this case so it may issue any

orders required to enforce this Judgment.


                                 D.P. Marshall Jr.
                                 United States District Judge

                               19 April 2011

13

/s/ Richard M. Pence, Jr.

_____

Richard M. Pence, Jr., AR BAR 69059
Assistant U.S. Attorney
425 W. Capitol, Suite 500
Little Rock, AR  72203-1229

Attorney for United States of America

_____

Michael J. Wehrle
Revenue Legal Counsel
P.O. Box 1272
Little Rock, AR  72203

Attorney for State of Arkansas

14

_____

Richard M. Pence, Jr., AR BAR 69059
Assistant U.S. Attorney
425 W. Capitol, Suite 500
Little Rock, AR   72203-1229

Attorney for United States of America


*michael Wehrle*
_____
Michael J. Wehrle   AR 92036
Revenue Legal Counsel
P.O. Box 1272
Little Rock, AR   72203

Attorney for State of Arkansas